*H. G. Petrie, for appellant.*

---

CLARK WILLIS *v.* JAMES MCNEAL'S ADM'R.

**Amending Petition on Appeal.**
    A plaintiff cannot upon an appeal to the circuit court amend his pleadings so as to set up a new and independent cause of action. The cause of action to be tried on the appeal must be the same that was tried in the lower court.

**Continuance of Cause.**
    The defendant, not having waived his right to do so by his laches, has a right to set up any valid defense that exists, and where just before a trial the court allows the defendant to file an amended answer in a proper case he should continue the cause to permit the plaintiff time to prepare to meet the new defense pleaded.

APPEAL FROM OWEN CIRCUIT COURT.

March 13, 1879.

OPINION BY JUDGE COFER:

A plaintiff cannot, upon an appeal, amend his pleadings so as to set up a new and independent cause of action. The case, i. e., the cause of action, to be tried on the appeal, must be the same that

was tried in the lower court. But to that case the defendant has a right to make all the defenses he has. If he fails to set up any defense and allows judgment to go by default, it is within the discretion of the court in which the appeal is pending for a trial de novo to allow an answer to be filed. So, too, that court may in the same way allow the defense to be changed or new defenses to be made as if the case had been originally brought in that court. Every existing defense to a cause of action must be made before a final trial, or it will be lost entirely. If any valid defense exists, the defendant had a right to set it up at any time, unless he has waived the right or lost it by his laches. In this case the circuit judge in the exercise of his discretion allowed the amended answer to be filed, and on the suggestion of the plaintiff that he was not ready to proceed with the trial, continued the case at the defendant's cost. This seems to be all that justice or law demanded.

The evidence was conflicting, and this court cannot reverse on the ground that the preponderance may be against the appellee. The appellant, having no subsisting cause of action against the appellee, was properly adjudged to pay the costs in both courts.

Judgment *affirmed*.

*Strother & Co., for appellant.*

*H. P. Montgomery, James Blackwell, for appellee.*